IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00327-REB-BNB

BILL J. HALL,

Plaintiff,

v.

TOWN OF GILCREST, COLORADO, a Colorado municipal corporation, and
MENDA K. WARNE, an individual,

Defendants.

---

## ORDER

---

This matter arises on the defendants' **Unopposed Motion to Stay Discovery** [Doc. # 26, filed 4/19/2011] (the "Motion to Stay"), which is DENIED.

This is a land-use case.  The plaintiff alleges that the Town of Gilcrest unreasonably interfered with the use and development of his real property.  He alleges claims for (1) taking without just compensation; (2) violation of substantive due process; (3) arbitrary and capricious actions; (4) violations of state law and the town code; and (5) a claim under 42 U.S.C. § 1983 for taking without just compensation.  The defendants have moved to dismiss arguing that the complaint fails to state a plausible claim under Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); the claims are not ripe for adjudication; the plaintiff lacks standing to bring the claims; the claims are insufficient as a matter of law; and sovereign and quasi-judicial immunity.  Motion to Dismiss [Doc. # 5, filed 2/7/2011].

In support of the Motion to Stay, the defendants argue:

> One of the express purposes of the Rule 12 pleading requirements is to avoid the costly undertaking of civil discovery on claims that are largely groundless.  Without a discovery stay, the discovery deadlines will likely require the parties to incur the costs of substantial discovery while the Motion to Dismiss is pending.

Motion to Stay [Doc. # 26] at ¶6 (internal citation omitted).

The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending.  Instead, Rule 1 instructs that the federal rules shall be "construed and administered to secure the just, speedy, and inexpensive determination of every action," and Rule 26(c) permits a court to make any order necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including entry of a stay of discovery.  In considering whether to grant a stay:

> Five factors have been universally recognized as being critical to a proper balancing of the competing interests at stake.  Those factors are: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

FDIC v. Renda, 1987 WL 348635 *2 (D. Kan. Aug. 6, 1987); accord String Cheese Incident LLC v. Stylus Shows, Inc., 2006 WL 894955 *3 (D. Colo. March 30, 2006)(same).  Considering these factors leads me to conclude that a stay of discovery in this case is not warranted.

The average time from filing a dispositive motion to its determination in this district is more than six months.  Consequently, staying discovery while the defendants' motion to dismiss is pending could substantially delay the ultimate resolution of the case, with injurious consequences.  In this regard, it has been observed:

> Delay is an element indigenous to many systems, and one that can
> have significant implications unless recognized and accounted for.
>
> \* \* \*
>
> In the litigation context, delay is not only of practical concern, as it
> results in a decrease in evidentiary quality and witness availability,
> but also of social concern, as it is cost prohibitive and threatens the
> credibility of the justice system.

Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry and Its Effects on Settlement*, 155 U. PA. L. REV. 503, 528 (2006).

In addition, motions to dismiss are denied far more often than they result in the termination of a case.  Consequently, without attempting to prejudge the district judge's ruling on the defendants' motion to dismiss, it is more likely than not from a statistical standpoint that a delay pending a ruling on the motion to dismiss would prove unnecessary.

Defendants always are burdened when sued, whether the case ultimately is dismissed, summary judgment is granted, there is a settlement, or a trial occurs.  That is a consequence of our judicial system and the rules of civil procedure.  There is no special burden on the defendants in this case.

It generally is the policy in this district not to stay discovery pending a ruling on a motion to dismiss.  Ruampant v. Moynihan, 2006 U.S. Dist. LEXIS 57304 **4-5(D. Colo. Aug. 14, 2006).  The district judge assigned to this case has instructed in his practice standards that "[w]henever practicable, the case shall be set for trial within twelve (12) to fourteen (14) months from filing of the complaint."  REB Civ. Practice Standard IV.B.1.  That standard would be rendered impossible if a stay were granted while the motion to dismiss is pending.  Moreover, the district judge has set the case for trial beginning March 19, 2012.

Finally, the general interests of controlling the court's docket and the fair and speedy administration of justice require that the Motion to Stay be denied.

IT IS ORDERED that the Motion to Stay [Doc. # 26] is DENIED.

Dated April 20, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

4